

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. C. Mendenhall
County Auditor, Chambers County
Anahuac, Texas

Opinion No. O-7157

Re: Authority of the County Clerk to
turn over to the Texas State His-
torical Association for preser-
vation of old brand record books
that are now void under new regis-
tration of brands law.

Dear Sir:

Your request on the above subject matter is as follows:

"Recently the Texas State Historical Association has
addressed the County Clerks of the State asking them for the
old brand record books that are now voided under the new
registration of brands law, be sent to them so that they
might be preserved by the association for their historical
value.

"The question has been raised, does the County Clerk
have authority to do this, or would the Commissioners Court
have authority to pass appropriate order instructing the
County Clerk to forward these records to this association
as they have asked. This question we would like settled by
your opinion."

Article 6890, V.A.C.S., (Acts 1848) provides:

"Every person who has cattle, hogs, sheep or goats shall
have an ear mark and brand differing from the ear mark and
brand of his neighbors, which ear mark and brand shall be re-
corded by the county clerk of the county where such animals
shall be. No person shall use more than one brand, but may
record his brand in as many counties as he deems necessary."

Article 6898, V.A.C.S., (Acts 1848) provides:

"The clerks of the county courts in their respective
counties shall keep a well bound book, in which they shall
record the marks and brands of each individual who may apply
to them for that purpose, noting in every instance the date

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. C. Mendenhall - Page 2

on which the brand or mark is recorded."

The records provided for in the foregoing article have become void and of no force and effect by virtue of the provisions of H.B. 170, Chapter 315, Acts of the 48th Legislature, R.S., page 471 which is as follows:

"An Act providing for the re-recording of marks and brands; amending Chapter 1 of Title 12, Revised Civil Statutes of Texas, 1925, adding thereto an Article numbered 6899; declaring the recording of all marks and brands heretofore made null and void; providing right to record brand for certain period; providing for forfeiture of such right if not exercised within certain period; providing for sale or transfer of brands by owner; providing for recording or re-recording of brand or mark if no other person has sought to record such brand or mark regardless of whether or not the person seeking to record such brand or mark has previously recorded a brand, excepting counties from the provisions of the Act which shall have re-recorded brands or marks within the last five (5) years; repealing all laws or parts of laws in conflict; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That Chapter 1, Title 121, Revised Civil Statutes of Texas, 1925, be amended by adding after Article 6898 an Article numbered 6899 to read as follows:

"'Article 6899.

"'All records of marks and brands heretofore made as provided in this Chapter, except all county brands, shall become void and of no force and effect on the 1st day of October, 1943, and every person who has cattle, hogs, sheep, or goats shall have his mark and brand recorded or re-recorded in accordance with Article 6890 and Article 6898.

"'The legal owner of a brand and/or mark shall have a preferential right to record such brand and/or mark for a period of two (2) years from the 1st day of October, 1943, but if such preferential right is not exercised within such two (2) years the same shall be forfeited and such brand and/or mark shall be subject to registration by any person, and the first person to record the same shall be the owner of the same.

"'Any brand recorded in accordance with the requirements of this Act shall be considered as the property of the person causing such record to be made and shall be subject to sale, assignment, transfer, devise and descent the same as other personal

property.

"'Any person may record such brand and/or mark as he may desire to use provided no other person has recorded such brand and/or mark, without regard to whether or not such person has previously recorded a brand and/or mark.

"'This Act shall not apply to any county which shall have re-recorded all brands and marks within the past five (5) years.'

"Section 2. All laws or parts of laws in conflict herewith are hereby repealed.

"Section 3. The fact that so many recorded marks and brands are out of date and have no ownership, and are an unnecessary encumberance on the records of the County Clerks of various counties, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended and this Act shall take effect and be in force from and after its passage, and it is so enacted."

It is a felony, under Article 1002, V.A.P.C., for any person, without authority of law, to destroy any book, paper or record required or permitted by law to be kept by any officer within this state.

The brand record books provided for in Article 6898, supra, are public records and must be kept by the County Clerk until authorized by the Legislature to destroy them or turn them over to some other person or association. Although H.B. 170, supra, makes these records void and of no force and effect, it did not authorize destruction or removal of said records from the County Clerk's office. In the absence of legislative authority it is our opinion that the old brand record books can not be given to the Texas Historical Association but must be kept by the County Clerk.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _J. C. Davis, Jr._
   J. C. Davis, Jr.
   Assistant

By _John Reeves_
   John Reeves

APPROVED MAR 23 1946

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

JR:djm